**In re Stephen L. SMITH, Debtor.**

**Bankruptcy No. 89–1190–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 22, 1991.

See also 120 B.R. 588 and 122 B.R. 130.

Principe & Watkins, for trustee Terry Smith–Trustee.

## ORDER ON OBJECTIONS TO CLAIMS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is the Trustee's objection to the several claims of Leslie W. Harvey, William L. Moran, Steven C. Owen, Kenneth C. Coston, Alice M. Moore, Scott and Debbie Campbell, Hugh and Kay Waychoff, Robert H. Hoskins, III, Robert J. Twitty, Joseph J. Rooney, Marion P. Brawley, III, Ed Causey, Roberta Brook, Ralph H. Forrest, James Hankin, O. Frederick Hamilton, Katherine E. Ragsdale, John and Sara White, John T. Kimbell, Wines & Williams, Murphy Investments, J. Mason Wines, Richard L. McIntire, Steven L. McIntire, James T. Joiner, Palm I, Palm II, Palm III, Palm IV, Oak Investors I, Oak Investors II, Oak Investors III, Ltd., Oak Investors IV, Oak Investors V, Oak Investors VII, and James O. Dowdy, Trustee of the James O. Dowdy, Inc. and Defined Benefit–Pension Trust. A brief review of the pertinent facts will help to put the matters into proper focus.

For about 10 years, Stephen L. Smith (Debtor) operated a sole proprietorship, under the trade name of S H Oil & Gas Exploration, through which he sold to investors interests in a "production pool" of oil and gas properties and by "partial assignment of leases," which were interests in specific oil or gas wells. As in all similar schemes, the investors were promised a tremendous return on their investments. Several of the investors did, in fact, receive a return on their investments, a trademark of all "Ponzi" schemes. The scheme, as operated by the Debtor, eventually collapsed, and many of the investors did not receive all of their money. The Debtor was

eventually convicted of operating a "Ponzi" scheme, and is currently incarcerated by the State of Florida.

There are two categories of creditors in this Chapter 7 case, all involved in the Debtor's Ponzi scheme. The first group consists of investors who received their original investment back plus some profit, generally referred to as the "net winners." The second group, the "net losers," consists of investors who did not receive a complete return on their investment. Under the scheme of the Debtor, some investors invested in several "production pools" or in "partial assignments" of oil and gas wells of the Debtor. It is important to note that there were no actual gas and oil wells in which people invested.

Hundreds of investors have filed claims in this Debtor's Chapter 7 case. The Trustee seeks to offset the profits an investor earned through the Debtor's Ponzi scheme against any money that the investor lost through the scheme, thereby reducing the amount of the investors' claims. The investors, on the other hand, contend that each investment should be treated individually without offsetting the amount of any profit the claimant made on other investments against losses they suffered on their investments. The Chapter 7 trustee has filed an objection to the claims of the investors who failed to reduce the amount of their claims by profits earned in the Debtor's Ponzi scheme. These are the contentions of the Trustee and the investors whose claims are sought to be reduced by the Trustee.

A creditor's claim is allowed unless a party in interest objects to the claim. 11 U.S.C. § 502(a). The grounds upon which a claim may be disallowed are outlined in § 502(b) of the Bankruptcy Code. The Trustee's objection to the claims does not indicate under which portion of § 502(b) it falls. Instead, the trustee's objection provides that it is based on the fact the claimants "received more from the Debtor's operation than they paid in and accordingly, the Debtor does not owe the claimants the amount claimed." The Trustee's objection could only be considered under § 502(b)(1) which provides as follows:

§ 502. Allowance of claims or interests.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

The Trustee is unable to point to any applicable law under which the investor's claims should be disallowed. Instead, the Trustee presents what is essentially an equitable argument to support his objections. The Trustee argues that if each investor's claim is not offset by profits the investor received, the Court would be giving the investors the benefit of their original bargain with the Debtor which would, in turn, serve to give effect to and enforce an illegal contract. The Trustee points out that the "net winners" profited at the expense of the unfortunate "net losers," and the only equitable way to deal with this is to handle each investor on a net basis.

The Trustee's argument is not well taken for several reasons. First, the Code treats each claim on an individual basis. The fact that the investors profited in some investments should not serve to dilute their claims. The Trustee's proposition ignores the fact that investors made several individual investments rather than one lump investment. The trustee actually proposes a setoff of the investor's claims. Section 553 of the Bankruptcy Code permits a creditor to offset a debt owed by the creditor to the Debtor which arose prepetition with a claim of the creditor against the Debtor which also arose prepetition. 11 U.S.C. § 553(a). See also *In re Verco Industries*, 704 F.2d 1134, 1139 (9th Cir.1983). However, setoff is not possible in this case in

that there is no mutual debt between the trustee and the investors.

In sum, this Court is satisfied that the investor's claims cannot be offset by any profits the investors earned; instead the claims must be treated on an individual basis and not subject to any offset.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's objections to the claims of Leslie W. Harvey, William L. Moran, Steven C. Owen, Kenneth C. Coston, Alice M. Moore, Scott and Debbie Campbell, Hugh and Kay Waychoff, Robert H. Hoskins, III, Robert J. Twitty, Joseph J. Rooney, Marion P. Brawley, III, Ed Causey, Roberta Brook, Ralph H. Forrest, James Hankin, O. Frederick Hamilton, Katherine E. Ragsdale, John and Sara White, John T. Kimbell, Wines & Williams, Murphy Investments, J. Mason Wines, Richard L. McIntire, Steven L. McIntire, James T. Joiner, Palm I, Palm II, Palm III, Palm IV, Oak Investors I, Oak Investors II, Oak Investors III, Ltd., Oak Investors IV, Oak Investors V, Oak Investors VII, and James O. Dowdy, Trustee of the James O. Dowdy, Inc. and Defined Benefit–Pension Trust are overruled and the claims are allowed as filed.

DONE AND ORDERED.